United States District Court
District of Connecticut
FILED AT NEW HAVEN
October 30 ,20 26
By S. Santos
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: GRAND JURY SUBPOENA | Case No. 3:26MJ 1239 (MEG)<br>October 29, 2026 |

# APPLICATION FOR ORDER COMMANDING DISCORD INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF GRAND JURY SUBPOENA

The United States requests that the Court order Discord, Inc. (hereinafter "the Provider") not to notify any person (including the subscribers or customers of the account(s) listed in this subpoena) of the existence of Grand Jury Matter Number N-25-2-174 Subpoena No. 1 (hereinafter "the Subpoena") until October 25, 2027.

The Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the Subpoena, which will be made available for the Court's inspection but will not be filed under seal or included in the sealing envelope. The Subpoena requires the Provider to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such orders would be appropriate because each Subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation being conducted by law enforcement. Further, to the extent some aspects of the investigation may be known to one or more targets, the breadth and extent of the investigation are neither public nor fully known to the targets. Disclosure may alert one or more targets to the ongoing investigation and limit further investigative steps including further legal process.

Accordingly, there is reason to believe that notification of the existence of this Subpoena will result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses,

and otherwise seriously jeopardizing an investigation or unduly delaying a trial. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of this Subpoena, the subjects under investigation could destroy that evidence, including information on their devices, cellular telephones, and online accounts.

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a subpoena under 18 U.S.C. § 2703(c)(2). Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (*i.e.,* when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of the Subpoena until **October 25, 2027**, except that the Provider may disclose its Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

_/s/____________________
ANASTASIA KING
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT24192
157 Church Street
New Haven, CT 06510
(203) 821-3700
Anastasia.King@usdoj.gov